SHARP, W., J.
Romahn seeks certiorari review of the trial court’s order which denied the second ground of his petition for writ of habeas corpus which was directed to that court.[1] We elect to treat this proceeding as a direct appeal. See M.W. v. Department of Children & Families, 769 So.2d 513 (Fla. 1st DCA 2000); Fla. R.App. P. 9.040(c). We affirm.
Romahn argues he received an improper upward departure sentence and had the guidelines been followed, he would now be entitled to immediate release. The imposition of an improper upward departure sentence under the guidelines is a ground which could or should have been raised on direct appeal. Thus it is proeedurally barred from being raised in a petition for writ of habeas corpus. See Hunter v. State, 817 So.2d 786 (Fla.2002).
In addition, Romahn raised this claim in a prior motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). This court affirmed the trial court’s summary *295 denial of that motion.[2] His attempt here to reargue that same issue is successive and improper. To the extent Romahn is now alleging he received an illegal sentence for the purpose of rule 3.800(a), his pleadings fail to make sufficient allegations to demonstrate that possibility. A sentence which exceeds the maximum guidelines sentence is something entirely different than a sentence beyond the statutory maximum.
AFFIRMED.
THOMPSON, CJ., and GRIFFIN, J., concur.

. Romahn does not contest the court's ruling with regard to the remaining two grounds of the underlying habeas petition.

. Appeal No. 5D00-3771.